UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONALD J. TRUMP, et al., <br><br> Defendants-Appellants, <br><br> v. <br><br> STATE OF WASHINGTON, et al., <br><br> Plaintiffs-Appellees. | No. 25-1922 <br><br> JOINT MOTION TO HOLD BRIEFING SCHEDULE IN ABEYANCE |

## I. INTRODUCTION

The parties jointly request that the Court hold the briefing schedule in abeyance pending the outcome in *United States v. Skrmetti*, No. 23-477 (U.S.). The parties request the following schedule: Appellants' opening brief should be due 28 days following the issuance of an opinion in that matter, Appellees' answering brief should be due 30 days thereafter and Appellants' optional reply brief should be due 14 days after the answering brief.

## II. BACKGROUND AND ARGUMENT

This case concerns Executive Orders 14,168 (Jan. 20, 2025) and 14,187 (Jan. 28, 2025). These executive orders direct federal agencies to "take all necessary steps, as permitted by law, to end the Federal funding of gender

1

ideology," (Exec. Order No. 14,168, 90 Fed. Reg. 8615 § 3(e)), "assess grant conditions and grantee preferences and ensure grant funds do not promote gender ideology" (*id.* § 3(g)), and "consistent with applicable law … immediately take appropriate steps to ensure that institutions receiving Federal research or education grants end" the provision of listed services that are often "referred to as 'gender-affirming care,'" such as hormone replacement therapy or puberty blockers (Exec. Order No. 14,187, 90 Fed. Reg. 8771 §§ 2(c), 4).

Appellees include Plaintiff States that operate institutions that provide gender-affirming care and Physician Plaintiffs who provide gender-affirming care. Appellees challenge several provisions of the executive orders under the Fifth Amendment's equal protection and due process principles, separation of powers, and the Tenth Amendment. *See generally* ECF. No. 164 (First Amended Complaint), *Washington v. Trump*, No. 25-cv-00244-LK (W.D. Wash.).[1] Appellees allege that these sections unconstitutionally discriminate against transgender and gender-diverse people by prohibiting federal funding to institutions that provide gender-affirming care. *See generally id.* The district court granted a preliminary injunction enjoining several sections of the executive orders. ECF No. 233; *Washington v. Trump*, - F.Supp.3d -, 2025 WL 659057

---

[1] ECF citations are to the district court docket below.

2

(W.D. Wash. Feb. 28, 2025).[2] The district court held that Appellees were likely to succeed on the merits in showing that the challenged sections violate the Equal Protection component of the Fifth Amendment because both orders discriminate on the basis of sex and transgender status and cannot survive heightened scrutiny. ECF No. 233 at 23-46; *Washington v. Trump*, 2025 WL 659057 at *12-25. Appellants appealed the entry of the preliminary injunction. ECF No. 262.

Currently pending at the United States Supreme Court is *United States v. Skrmetti*. That case involves a Tennessee law which prohibits all medical treatments "intended to allow a minor to identify with, or live as, a purported identity inconsistent with the minor's sex" assigned at birth "or to treat purported discomfort or distress from a discordance between the minor's sex [assigned at birth] and asserted identity." *United States v. Skrmetti*, No. 23-477, Petition for Writ of Certiorari (U.S. Nov. 6, 2023). The question presented is whether that law violates the Equal Protection Clause of the Fourteenth Amendment. *Id.* The matter was argued and submitted on December 4, 2024, and an opinion is expected by the end of the term in June 2025.

---

[2] The district court also partially stayed proceedings in district court pending a resolution of this appeal. ECF No. 273.

The opinion in *Skrmetti* will very likely inform this Court's consideration of Appellants' appeal. The parties and the Court will benefit from briefing that fully takes the forthcoming *Skrmetti* opinion into account and the case should be held in abeyance until then. That approach would conserve the resources of the Court and the parties by avoiding potential need for supplemental briefing based on *Skrmetti*. And because the Supreme Court's decision is expected in June, this relief will not delay the ultimate resolution of this appeal much, if at all.

The parties jointly request the following schedule: Appellants' opening brief should be due 28 days after the opinion issues, Appellees' answering brief should be due 30 days after that, and Appellants' reply brief, if any, be due 14 after Appellees' answering brief.

### III. CONCLUSION

The Court should hold briefing in abeyance pending the U.S. Supreme Court's decision in *United States v. Skrmetti*. Once that opinion issues, Appellants' brief should be due 28 days later, and the answering and reply briefs should be due 30 days and 14 days after the preceding brief, respectively.

4

RESPECTFULLY SUBMITTED this 9th day of May 2025.

NICHOLAS W. BROWN
Attorney General

*/s/ William McGinty*
WILLIAM MCGINTY, WSBA #41868
CYNTHIA ALEXANDER, WSBA #46019
TERA HEINTZ, WSBA #54921
ANDREW R.W. HUGHES, WSBA #49515
NEAL LUNA, WSBA #34085
CRISTINA SEPE, WSBA #53609
LUCY WOLF, WSBA #59028
Assistant Attorneys General
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
360-709-6470
William.McGinty@atg.wa.gov
Cynthia.Alexander@atg.wa.gov
Tera.Heintz@atg.wa.gov
Andrew.Hughes@atg.wa.gov
Neal.Luna@atg.wa.gov
Cristina.Sepe@atg.wa.gov
Lucy.Wolf@atg.wa.gov
*Attorneys for Appellee State of Washington*

*/s/ Lauryn K. Fraas*
LAURYN K. FRAAS, WSBA #53238
COLLEEN MELODY, WSBA #42275
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
360-709-6470
Lauryn.Fraas@atg.wa.gov
Colleen.Melody@atg.wa.gov
*Attorneys for Physician Plaintiffs 1-3*

KEITH ELLISON
Attorney General of Minnesota

*/s/ James W. Canaday*
JAMES W. CANADAY
Deputy Attorney General
445 Minnesota St., Ste. 600
St. Paul, Minnesota 55101-2130
651-757-1421
james.canaday@ag.state.mn.us
*Attorneys for Plaintiff State of Minnesota*

DAN RAYFIELD
Attorney General of Oregon

*/s/ Lauren Patterson Robertson*
LAUREN PATTERSON ROBERTSON
Senior Assistant Attorney General
Appellate Division
1162 Court Street NE
Salem, OR 97301-4096
503-947-4700
Lauren.Robertson@doj.oregon.gov
*Attorneys for Plaintiff State of Oregon*

PHIL WEISER
Attorney General of Colorado

*/s/ Lauren Peach*
SHANNON STEVENSON
Solicitor General
LAUREN PEACH
First Assistant Attorney General
Office of the Colorado Attorney General
1300 Broadway, #10

6

Denver, CO 80203
720-508-6000
shannon.stevenson@coag.gov
lauren.peach@coag.gov
*Attorneys for Plaintiff State of Colorado*

YAAKOV M. ROTH
  *Acting Assistant Attorney General*
GERARD SINZDAK
s/ *Joshua Dos Santos*
JOSHUA DOS SANTOS
  *Attorneys*
  *Civil Division, Appellate Staff*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., N.W. Rm. 7242*
  *Washington, D.C. 20530*
  *(202) 305-1754*