UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| STATE OF WASHINGTON, et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> DONALD J. TRUMP, et al., <br><br> Defendants-Appellants. | No. 25-1922 |

**MOTION FOR A STAY OF BRIEFING SCHEDULE IN LIGHT OF LAPSE OF APPRPRIATIONS**

The United States of America hereby moves for a stay of the briefing schedule in the above-captioned case.

1. At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and appropriations to the Department lapsed. The same is true for several other Executive agencies, including the federal appellants. The Department does not know when funding will be restored by Congress.

2. Absent an appropriation, Department of Justice attorneys and employees of the federal appellants are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies

involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

3. Undersigned counsel for the Department of Justice therefore requests a stay of the briefing schedule until Congress has restored appropriations to the Department. The government has a pending motion for a seven-day extension of the briefing deadline for its reply brief to October 10, 2025, on which the Court has not yet acted. *See* 9th Circuit Advisory Comm. Note to Rule 31-2.2.

4. The Court should grant the government's pending extension motion. But in addition, the Government respectfully requests that, when appropriations are restored, the reply brief deadline be extended for the number of days commensurate with the duration of the lapse in appropriations, plus an additional 14 days. Thus, for example, if the lapse lasts 14 days, the deadline would be extended by $14 + 14 = 28$ days. The Government will need this additional time following the end of the lapse to restart regular government operations and finalize the brief for filing.

5. In addition, granting an extension calculated in the manner proposed above will avoid having all briefs that would otherwise have been due during the period of a lapse of appropriations from having the same due

date following the restoration of appropriations, which would not be practicable for the Government or the Court. It also preserves the original chronological order of filing in government cases for fairness to all parties.

6. Counsel for the Government attempted to communicate with counsel for appellees early this afternoon to learn their position on this motion, but, given the limited time available, counsel has been unable to determine their position and has not received a response.

Therefore, although we greatly regret any disruption caused to the Court and the other litigants, the Government hereby moves for a stay of the briefing schedule in this case, as described above, until Department of Justice attorneys are permitted to resume their usual civil litigation functions.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

BRAD HINSHELWOOD

*/s/ Jacob Christensen*
JACOB CHRISTENSEN
Attorneys, Appellate Staff
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Rm. 7525
Washington, D.C. 20530
(202) 514-5048
jacob.christensen@usdoj.gov

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion satisfies the type-volume requirements set out in Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains <u>430</u> words.  This motion was prepared using Microsoft Word in Times New Roman, 14-point font, a proportionally spaced typeface.

                            *s/ Jacob Christensen*
                            Jacob Christensen
                            *Attorney*