

# Nick Brown
## ATTORNEY GENERAL OF WASHINGTON
Administration Division
1125 Washington Street SE • PO Box 40100 • Olympia, WA 98504-0100 • 360-753-6200

February 10, 2026

*Sent via ACMS*

Molly C. Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

**Re:** ***State of Washington v. Trump*, No. 25-1922**
**Fed. R. App. P. 28(j) Response Letter**

Dear Ms. Dwyer:

Plaintiffs–Appellees write in response to Defendants-Appellants' January 30, 2026, Fed. R. App. P. 28(j) letter. Defendants contend that the Fourth Circuit's recent decision in *Sustainability Institute v. Trump*, No. 25-1575 (Jan. 21, 2026), supports their contention that this case involves a request for *ultra vires* review of statutory claims. They are incorrect.

In *Sustainability Institute*, the Fourth Circuit first explained that "[t]he availability of nonstatutory review depends largely on whether the claimed violation is statutory or constitutional," Slip. Op. 21, with statutory claims subject to strict limitations inapplicable to constitutional claims, *id.* at 21-23. The court then explained that the plaintiff organizations' claims were essentially statutory. Specifically, the plaintiffs argued that the federal government had violated several federal statutes by terminating certain grants, and then argued that because the terminations violated those statutes, they also violated the Constitution. *Id.* at 24 ("[B]oth of Plaintiffs' constitutional claims assert that because executive officials and agencies violated statutes, they also violated the Constitution."); *id.* at 25 ("At

ATTORNEY GENERAL OF WASHINGTON

February 10, 2026
Page 2

their core, both claims simply allege that the Government has exceeded its statutory authority. The claims are therefore statutory ones.") (citation modified). The claims were thus subject to the strict limitations on "nonstatutory ultra vires review." *Id.* at 27.

Here, by contrast, Plaintiffs' argument is not that the Trump Administration violated particular statutes, but rather that the Administration engaged in unconstitutional discrimination and has no constitutional authority to usurp Congress's spending and legislative powers by adding new funding conditions to programs created by Congress. *See* Answering Br. at 17–33. Indeed, Plaintiffs' complaint alleges only constitutional violations, no statutory ones. *See* ER 59–106. This Circuit has repeatedly adjudicated exactly this type of claim, *see, e.g.*, *City & County of San Francisco v. Trump*, 897 F.3d 1225 (9th Cir. 2018), and the Fourth Circuit emphasized that its ruling did not in any way limit courts' authority to hear such constitutional claims, Slip Op. 22 ("[C]laims alleging a constitutional violation, however, are not subject to the same restrictions."). Thus, *Sustainability Institute* provides no support for Defendants' arguments here.

Respectfully submitted,

*/s/ Noah G. Purcell*

NOAH G. PURCELL, WSBA 43492
Solicitor General
*Counsel for the State of Washington*